IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

PRISM TECHNOLOGIES, LLC,         )
                                 )
            Plaintiff,           )          8:12CV125
                                 )
       v.                        )
                                 )
UNITED STATES CELLULAR           )     MEMORANDUM AND ORDER
CORPORATION, d/b/a U.S.          )
CELLULAR,                        )
                                 )
            Defendant.           )
_____)


        This matter is before the Court on the motion of

defendant United States Cellular Corporation d/b/a U.S. Cellular

("U.S. Cellular") to dismiss the complaint of plaintiff Prism

Technologies, LLC ("Prism"), filed pursuant to Federal Rule of

Civil Procedure 12(b)(6) (Filing No. 27, with brief, Filing No.

28).  Prism filed a brief in opposition to the motion (Filing No.

29), to which U.S. Cellular replied (Filing No. 32).  After

reviewing the motion, briefs, and relevant law, the Court will

grant the motion to dismiss, with leave for Prism to amend.

**I.   Factual and Procedural Background.**

        In its complaint, Prism alleges infringement by U.S.

Cellular of two patents, U.S. Patent No. 7,290,288 ("'288

patent"; Ex. 1, Filing No. 1) and U.S. Patent No. 8,127,345

("'345 patent"; Ex. 6, Filing No. 1) (collectively, the

"Patents-in-Suit").  The '288 Patent is entitled, "METHOD AND

SYSTEM FOR CONTROLLING ACCESS, BY AN AUTHENTICATION SERVER, TO

PROTECTED COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL

NETWORK" (Ex. 1, Filing No. 1, at 1).   The '345 Patent is

entitled "METHOD AND SYSTEM FOR MANAGING ACCESS TO PROTECTED

COMPUTER RESOURCES PROVIDED VIA AN INTERNET PROTOCOL NETWORK"

(Ex. 6, Filing No. 1, at 1).

> For each patent, Prism substantiates its allegation of

U.S. Cellular's infringement in only one paragraph:

> > U.S. Cellular has been and now is
> > directly, indirectly, and/or
> > jointly infringing the ['288 or
> > '345] patent in the State of
> > Nebraska, in this judicial
> > district, and elsewhere in the
> > United States, by making, using,
> > offering to sell, and/or selling
> > various wireless products and data
> > services that implement
> > authentication systems and methods
> > for controlling access to protected
> > computer resources as claimed in
> > the ['288 or '345] patent.  For
> > example, and without limitation,
> > U.S. Cellular sells Primary Plus
> > Plan and Premium Plus Belief Plan
> > that implement systems and methods
> > for controlling access to U.S.
> > Cellular's protected network
> > resources.

(Filing No. 1, at ¶¶ 12, 16). U.S. Cellular filed its motion to

dismiss pursuant to Rule 12(b)(6), asserting Prism's "failure to

state a claim for relief" in its complaint (Filing No. 27, at 1).

## II.  Standard of Review.

> A complaint filed in federal court must contain "a

short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Consequently,
a motion to dismiss may be granted when the plaintiff has failed
"to state a claim upon which relief can be granted."  Fed. R.
Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint
must contain sufficient factual matter, accepted as true, to
'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl.
Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "While a complaint
attacked by a Rule 12(b)(6) motion to dismiss does not need
detailed factual allegations, a plaintiff's obligation to provide
the grounds of his entitlement to relief requires more than
labels and conclusions, and a formulaic recitation of the
elements of a cause of action will not do . . . ."  *Twombly*, 550
U.S. at 555 (internal quotations omitted).

        "*Twombly* and *Iqbal* did not abrogate the notice pleading
standard of Rule 8(a)(2).  Rather, those decisions confirmed that
Rule 8(a)(2) is satisfied 'when the plaintiff pleads factual
content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged.'"
*Hamilton v. Palm*, 621 F.3d 816, 817 (8th Cir. 2010) (quoting
*Iqbal*, 556 U.S. at 678; citing *Erickson v. Pardus*, 551 U.S. 89,
93 (2007)).  "The complaint must 'provide a defendant with some
indication of the loss and the causal connection that the
plaintiff has in mind.'  Otherwise, a plaintiff with no hope of

showing proximate causation could require inefficient expenditure of resources and potentially induce a defendant to settle a meritless claim." *Schaaf v. Residential Funding Corp*., 517 F.3d 544, 549 (8th Cir. 2008) (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005)).

"When ruling on a motion to dismiss, the court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005). "The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Braden v. Wal-Mart Stores, Inc*., 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678.) "It is not, however, a 'probability requirement.'" *Id.*

## III.  Direct Infringement.

In *In re Bill of Lading Transmission & Processing System Patent Litigation*, 681 F.3d 1323 (Fed. Cir. 2012), the Federal Circuit expressly addresses the issue of the amount of

detail required in a complaint in a patent case.¹  There, the

Federal Circuit started its analysis with regard to direct

infringement with Form 18 of the Federal Rules of Civil

Procedure, "Complaint for Patent Infringement."  Form 18 reads,

in its entirety,

**(Caption--See Form 1.)**

> 1. (Statement of Jurisdiction--See Form 7.)
>
> 2. On _date_, United States Letters Patent No. _____ were issued to the plaintiff for an invention in an _electric motor_.  The plaintiff owned the patent throughout the period of the defendant's infringing acts and still owns the patent.
>
> 3. The defendant has infringed and is still infringing the Letters Patent by making, selling, and using _electric motors_ that embody the patented invention, and the defendant will continue to do so unless enjoined by this court.
>
> 4. The plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on all _electric motors_ it manufactures and sells and has

---

¹ The Federal Circuit has stated that a ruling on a motion to dismiss is a procedural issue to be decided by the law of the circuit in which the trial court sits:  "A motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law.  Thus, on review we apply the law of the regional circuit."  _McZeal v. Sprint Nextel Corp._, 501 F.3d 1354, 1355-56 (Fed. Cir. 2007).  This Court reads _Bill of Lading_ as highly persuasive but not mandatory authority for the Eighth Circuit.

-5-

> given the defendant written notice
> of the infringement.
>
> Therefore, the plaintiff demands:
>
> (a) a preliminary and final
> injunction against the continuing
> infringement;
>
> (b) an accounting for damages; and
>
> (c) interest and costs.
>
> **(Date and sign--See Form 2.)**

FRCP Form 18.   In *Bill of Lading*, the Federal Circuit concluded,

"[T]o the extent the parties argue that *Twombly* and its progeny

conflict with the Forms and create differing pleadings

requirements, the Forms control."   *Bill of Lading*, 681 F.3d at

1334.   "Thus, whether [a] complaint[] adequately plead[s] direct

infringement is to be measured by the specificity required by

Form 18."   *Id*.

Specifically, the Federal Circuit wrote, "Appellees'

arguments all focus on whether the amended complaints'

allegations of direct infringement contain sufficient factual

detail to withstand attack under *Twombly* and *Iqbal*."   *Id.* at

1335.   "In essence, the Appellees argue that the amended

complaints are deficient because they do not describe precisely

how each element of the asserted claims are practiced by their

customers.   When compared to the requirements of Form 18, this

argument is premised on a pleading standard that is too

stringent."   *Id.*   "As we held in *McZeal*, Form 18 and the Federal

Rules of Civil Procedure do not require a plaintiff to plead
facts establishing that each element of an asserted claim is met.
Indeed, a plaintiff need not even identify which claims it
asserts are being infringed."  *Id.* (citing *McZeal v. Sprint
Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

        Here, U.S. Cellular states that Prism's recitation of
U.S. Cellular's offending products and/or methods is too broad,
citing the enumeration found in the complaint at ¶¶ 12 and 16.
U.S. Cellular cites several cases that decry a complaint's
description of a "broad categories of products" rather than
specifically identified products (Filing No. 28, at 4).  U.S.
Cellular claims that "Prism provides no details concerning which
of U.S. Cellular's 'wireless products and data services' or which
aspects of U.S. Cellular's 'Primary Plus Plan and Premium Plus
Belief Plan' allegedly infringe Prism's claims" (*Id.*, at 5).
U.S. Cellular states that it "is left to speculate which of its
numerous 'wireless products and data services' are accused.  This
situation is the antithesis of Rule 8's notice pleading
requirements"  (*Id.*).

        In addition, U.S. Cellular claims that this lack of
detail results in a "lack of notice [that] prevents U.S. Cellular
from intelligently responding to Prism's pleading, issuing
appropriately-tailored document preservation notices, beginning
to collect pertinent discovery materials for production, and

-7-

otherwise preparing its defense" (*Id.*).  U.S. Cellular states,

"Form 18 requires that 'the pleader identify the accused device

with some semblance of specificity to alert the alleged infringer

which device is at issue.  It does not contemplate that the

accused device . . . be described in terms of a multiplicity of

generically-described product lines,' as Prism has done here"

(Filing No. 32, at 3 (quoting *Bender v. Motorola, Inc.*, C09-1245

SBA, 2010 WL 726739, at *3 (N.D. Cal. Feb. 26, 2010)).

        Prism cites Judge Gerrard's opinion denying a motion to

dismiss the patent infringement claim in *VoiceFill, LLC v. W.*

*Interactive Corp.*, 8:11-CV-421, 2012 WL 1949378 (D. Neb. May 29,

2012).  Prism claims that *VoiceFill* supports its contention that

Prism's complaint satisfies the requirements of Form 18.

However, the Court notes that the complaint in *VoiceFill* includes

over five pages of detailed infringement allegations, so

*VoiceFill* is distinguishable on the facts.

        In addition, Prism cites several cases that it claims

support the contention that "[a] plaintiff is allowed to broadly

plead infringement, especially where it is pervasive as is U.S.

Cellular's network access control, which is central to U.S.

Cellular's ability to control access to (and thereby monetize)

its network" (Filing No. 29, at 13).  For example, in *Bender v.*

*Broadcom Corp.*, C 09-1147 MHP, 2009 WL 3571286 (N.D. Cal. Oct.

30, 2009), the court accepted a complaint that specifically named

"most or all of the defendant's products," such that the court

commented that "there is nothing inherently implausible about an

allegation that a large number of a defendant's various product

lines infringe the patent when those product lines may be

expected to have certain basic components, i.e., computer chips,

in common and the patent claims technology relating to those

components."  *Broadcom*, 2009 WL 3571286, at *4.  However, here,

Prism has not named any of the "various wireless products" at

all.

        Prism also cites *Bender v. LG Electronics U.S.A., Inc.*,

C 09-02114 JF (PVT), 2010 WL 889541 (N.D. Cal. Mar. 11, 2010),

for the proposition that "allegations of patent infringement

based on product lines have been held sufficient to state a

claim" (Filing No. 29, at 13).  However, Prism neglects the

remainder of the opinion, in which the court granted the motion

to dismiss with leave to amend, stating,

> "While the Court recognizes the
> lack of complete uniformity in
> recent district court authority it
> finds persuasive those decisions
> requiring enough specificity to
> give the defendant notice of what
> products or aspects of products
> allegedly infringe . . . .  As
> several courts have noted, it is
> difficult to reconcile the
> guidelines set forth in *Twombly* and
> *Iqbal* with Form 18.  The court in
> [*Elan Microelectronics Corp. v.
> Apple, Inc.*, C 09-01531 RS, 2009 WL
> 2972374 (N.D. Cal. Sept. 14, 2009)]
> reasoned that Form 18 is not

> intended to cover all manners of
> patent infringement, in that it
> "only provides an example of how
> direct patent infringement may be
> alleged . . . ."  2009 WL 2972374,
> at *2.  Similarly in [*Hewlett-
> Packard Co. v. Intergraph Corp.*,
> 2003 WL 23884794 (N.D. Cal. Sept.
> 6, 2003)], the court explained that
> the example in Form 18 is "limited
> to a single 'type' of product" and
> "simply does not address a factual
> scenario" involving a multitude of
> allegedly infringing products. [*See*
> 2003 WL 23884794, at *1.]"

*LG Electronics*, 2010 WL 889541, at *5.

Prism accuses U.S. Cellular's "various wireless products and data services" of infringement.  The Court finds that the term "wireless products" is considerably more generic than the term "electric motor" as identified in Form 18.  With regard to "data services," Prism does name two exemplars, the "Primary Plus Plan" and the "Premium Plus Belief Plan." Nevertheless, the Court agrees that "U.S. Cellular and the Court cannot be expected to analyze Prism's vague and conclusory Complaint to then guess precisely which products and services Prism believes infringes the Patents-in-Suit." (Filing No. 32, at 4).  The Court finds that Prism's accusations do not meet Form 18 standards.  While the Court will not require Prism to "prove its entire case at the pleading stage" (Filing No. 29, at 7), Prism must plead "factual content that allows the court to draw the

-10-

reasonable inference that the defendant is liable for the misconduct alleged."   *Hamilton*, 621 F.3d at 817.

## IV.   Indirect Infringement.

"Form 18 should be strictly construed as measuring only the sufficiency of allegations of direct infringement, and not indirect infringement."   *Bill of Lading*, 681 F.3d at 1336.   "In other words, because Form 18 addresses only direct infringement, we must look to Supreme Court precedent [*Twombly* and *Iqbal*] for guidance regarding the pleading requirements for claims of indirect infringement."   *Id.* at 1337.

**A.   Induced Infringement.**   "Whoever actively induces infringement of a patent shall be liable as an infringer." 35 U.S.C. § 271(b).   "Liability under § 271(b) 'requires knowledge that the induced acts constitute patent infringement.'" *Bill of Lading*, 681 F.3d at 1339 (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S.Ct. 2060, 2068 (2011)).   "To survive [a] motion to dismiss, therefore, [the] complaint[] must contain facts plausibly showing that [defendants] specifically intended their customers to infringe the . . . patent and knew that the customer's acts constituted infringement."   *Bill of Lading*, 681 F.3d at 1339.

U.S. Cellular argues that "Prism's induced infringement claims are totally devoid of the necessary allegations that U.S. Cellular had knowledge of and specific intent to encourage others

to infringe the Patents-in-Suit" (Filing No. 32, at 7).

Moreover, "Prism points to no facts, either in its Complaint or

Opposition, that make plausible that U.S. Cellular had pre-suit

knowledge of the Patents-in-Suit or their alleged infringement"

(*Id.*).   In addition, "Prism's Complaint and Opposition are

completely silent on whether it believes U.S. Cellular had

specific intent to encourage others to infringe" (*Id.* at 9).   The

Court agrees that Prism's complaint is deficient as to pleading

induced infringement.

### B.   Contributory Infringement.

> Whoever offers to sell or sells
> within the United States or imports
> into the United States a component
> of a patented machine, manufacture,
> combination or composition, or a
> material or apparatus for use in
> practicing a patented process,
> constituting a material part of the
> invention, knowing the same to be
> especially made or especially
> adapted for use in an infringement
> of such patent, and not a staple
> article or commodity of commerce
> suitable for substantial
> noninfringing use, shall be liable
> as a contributory infringer.

35 U.S.C. § 271(c).   "To state a claim for contributory

infringement, therefore, a plaintiff must, among other things,

plead facts that allow an inference that the components sold or

offered for sale have no substantial non-infringing uses."

*Bill of Lading*, 681 F.3d at 1337.   Again, the Court agrees with

U.S. Cellular that Prism has, at best, merely hinted at factual

allegations of contributory infringement and that this cannot
satisfy the plausibility standard required in a complaint.  The
bare factual allegations in Prism's complaint as to contributory
infringement, such as they are, do not meet the standards set
down by *Twombly* and *Iqbal*.

**V.   Joint Infringement**.

        Finally, Prism alleges that U.S. Cellular jointly
infringes Prism's patents.  The Federal Circuit has described the
requirements for joint infringement of a method claim as follows:
"The law of this circuit is axiomatic that a method claim is
directly infringed only if each step of the claimed method is
performed."  *Muniauction, Inc. v. Thomson Corp*., 532 F.3d 1298,
1329 (Fed. Cir. 2008) (citing *BMC Resources, Inc. v. Paymentech,
L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007)).  "In *BMC
Resources*, this court clarified the proper standard for whether a
method claim is directly infringed by the combined actions of
multiple parties."  *Muniauction,* 532 F.3d at 1329.  "[W]here the
actions of multiple parties combine to perform every step of a
claimed method, the claim is directly infringed only if one party
exercises 'control or direction' over the entire process such
that every step is attributable to the controlling party, i.e.,
the 'mastermind.'" *Id.* (quoting *BMC Resources,* 498 F.3d at 1380-
81).  Thus, the question becomes whether Prism has pled any facts

that would support the allegation that U.S. Cellular is the
"mastermind" behind joint infringement of Prism's patents.

Prism adds details about U.S. Cellular's alleged
operations to its brief that are not included in the complaint.
For example, Prism alleges that "U.S. Cellular knows, and common
sense dictates, that through [its] data plans U.S. Cellular
enters into agreements with its customers for access to U.S.
Cellular's network which necessarily requires use of the
infringing authentication systems and methods for controlling
access to U.S. Cellular's network.  This satisfies the
requirement for pleading joint infringement" (Filing No. 29, at
14).  However, factual allegations to this effect are not, in
fact, pled in Prism's complaint.  In rebuttal, U.S. Cellular
states that "Prism's Complaint simply does not identify anyone
that U.S. Cellular is supposedly directing or controlling for the
purpose of joint infringement, or even state that multiple
entities are collectively engaged in performing the alleged acts
of infringement" (Filing No. 32, at 5).  Again, the Court agrees
that with regard to joint infringement, Prism's complaint lacks
"sufficient factual matter, accepted as true, to 'state a claim
to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at
678 (quoting *Twombly*, 550 U.S. at 570).

**VI.  Conclusion.**

Prism requests that in the event the Court finds the complaint to be inadequately pled, the Court grant Prism leave to amend the complaint.  The Court will grant Prism's request. Accordingly,

IT IS ORDERED that U.S. Cellular's motion to dismiss (Filing No. 27) is granted, as follows:

1) Prism will file an amended complaint with the Court setting forth adequate infringement allegations on or before September 21, 2012;

2) Should Prism fail to file a timely amended complaint, this action will be dismissed.

DATED this 6th day of September, 2012.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court