IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV125 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CELLULAR CORPORATION, d/b/a U.S. CELLULAR, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the status report of the plaintiff, Prism Technologies, L.L.C. ("Prism") (Filing No. 159) regarding an ongoing discovery dispute between the parties. In its motion, Prism requested that the Court grant its prayer for relief in its earlier motion to compel (Filing No. 134), which the Court denied without prejudice (Filing No. 150). The defendant, United States Cellular Corporation ("U.S. Cellular") has responded to the status report (Filing No. 164). The Court finds that the status report should be granted in part and denied in part.

I.  **Federal Rules of Civil Procedure 26(b) and 37(a).**

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Federal Rule of Civil Procedure 26(b) allows for broad discovery of "any nonprivileged

matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Relevance during discovery is not measured by the Federal Rules of Evidence: "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Relevance is to be broadly construed for discovery issues and encompasses "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

However, the proponent of discovery must make "[s]ome threshold showing of relevance . . . before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992). "Determinations of relevance in discovery rulings are left to the sound discretion of the trial court . . . ." *Hayden v. Bracy*, 744 F.2d 1338, 1342 (8th Cir. 1984).

In the event of noncompliance with a discovery request for relevant information, Rule 37(a) provides, "[A] party may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party resisting production bears the burden of establishing lack of relevancy or undue burden." *Prism*

*Tech., L.L.C. v. Adobe Sys. Inc.*, 284 F.R.D. 448, 449 (D. Neb. 2012).

**II. Prism's Motion to Compel.**

Prism seeks to compel U.S. Cellular to respond to its requests for production ("RFP") for the following various discovery items:

> Defendant's corporate structure, defendants' IP networks structure, roaming agreements, defendant's proprietary interests in IP networks, authorization statistics, authorization licenses, analyses regarding authentication systems with authorization levels for controlling data networks, net-neutrality compliance, defendant's wireless software and hardware used in defendant's wireless data network(s), defendant's IP address allocations, flow charts of identity data used within defendant's data network.

Filing No. 159, at 2-3. Also, Prism requests that the Court intercede in an ongoing dispute regarding the parties' E-discovery agreement.

According to U.S. Cellular, Prism's motion to compel may be viewed in four groups: (1) Documents not contemplated during their meet and confer; (2) "Third party network provider" documents; (3) Net neutrality documents; and (4) Roaming agreements (Filing No. 164). In its first category, U.S.

Cellular claims that Prism dropped its requested discovery from its original motion to compel because it did not discuss those documents during this Court's mandated meet and confer.  Without citation to case law or statute, U.S. Cellular claimed that any relief that the Court may grant is improper.  *Id.* at 2.

In regard to "third party network provider" documents, U.S. Cellular claims the term is too vague to produce discovery.

In regard to Prism's request for net neutrality[1] documents, U.S. Cellular first objected on the grounds of relevance.  However, once Prism defined the term, U.S. Cellular replied that it did not possess documents concerning its compliance or noncompliance with net neutrality (Filing No. 159-1, at 3).  U.S. Cellular maintains this assertion in its responsive status report (Filing No. 164, at 3).

In regard to Prism's request for roaming agreements, U.S. Cellular states it is "in the process of completing the steps required to give the parties to those agreements notice and an opportunity to seek a protective order if they so desire" (Filing No. 159-1, at 5; Filing 164, at 3-4.).  U.S. Cellular

---

[1] Prism defines "net neutrality" as "the principle that Internet service providers may not discriminate between different kinds of content and applications online and should not choose which data to privilege with higher quality service."  Filing No. 159-1, at 6.

assured the Court that the product would arrive shortly, yet gave no time frame (Filing No. 164, at 4).

### III. Requests for Production

The Court has reviewed the parties' positions. The Court finds the following RFPs are relevant and will grant Prism's motion to compel the following RFPs: Nos. 1, 2, 3, 12, 37, 38, 39, 40, 41, 42, 62,[2] 79. Also, in regard to terms that U.S. Cellular claimed to be ambiguous, the Court defined these terms from the *Markman* hearing and resolved the ambiguities (Filing No. 129). Therefore, the following RFPs will be granted and the ambiguities therein shall be construed according to the Court's *Markman* order: Nos. 11, 16, 19, 20, 28, 55, 59, 60, 63, 96.

In regard to RFPs in the possession of third parties, the Court will order U.S. Cellular to set a date certain for the production of each of the following RFPs: Nos. 22, 23, 24, 26, 27, 30, 32, 33, 34. The Court will rule on whether to compel these RFPs once U.S. Cellular has complied with this Order.

In the following RFP, U.S. Cellular objected on the grounds that the request was vague or ambiguous: Nos. 13 and 66.

---

[2] U.S. Cellular agreed to produce RFP 62, yet, Prism requested that this Court compel U.S. Cellular to produce that same RFP in its status report (Filing No. 136-6).

The Court will deny those RFPs without prejudice and will order Prism to serve U.S. Cellular with a supplemental RFP explaining its terms within five business days. U.S. Cellular will respond to those RFPs within five business days after the receipt of the supplemental RFPs.

The Court will deny Prism's motion to compel for the following items: Nos. 56, 88, 25, 29, 31.

For RFP No. 56, U.S. Cellular's objection is sustained insofar as the RFP calls for all customer contacts. Not all contacts can be relevant to discovery (Filing No. 136-6, at 28). No. 56 will be denied without prejudice at this time.

For RFP No. 88, U.S. Cellular's objection is sustained insofar as the word "benefit" lacks any meaning within the context of the request. No. 88 will be denied without prejudice at this time.

For RFP Nos. 25, 29, and 31: U.S. Cellular claims that it possesses no discoverable evidence regarding Hard Keys or Access Keys, as defined by this Court. *See* Filing No. 136-6, at 13, 15, and 16; Filing No. 129, at 68. Because U.S. Cellular lacks discoverable evidence in this matter, the motion to compel these items will be denied.

The issue of e-discovery must be resolved by the parties. Prism and U.S. Cellular are to meet and confer again.

First, on or before January 17, 2014, the parties shall meet in good faith in order to "identify the proper custodians, search terms, and proper time frame" in order for Prism to create specific production requests according to the e-discovery order (Filing No. 73, at 4). Then, Prism will request production of specific discovery within ten business days of the parties' meet and confer.

IT IS ORDERED:

1) U.S. Cellular will produce the following RFPs within ten business days: 1, 2, 3, 11, 12, 16, 19, 20, 28, 37, 38, 39, 40, 41, 42, 55, 59, 60, 62, 63, 79, 96.

2) U.S. Cellular will set a date certain when the following RFPs will be delivered to Prism: 22, 23, 24, 26, 27, 30, 32, 33, 34. The Court will wait to rule on these RFPs.

3) The following RFCs are also denied without prejudice a this time: 13 and 66. Prism has five business days from the filing of this order to supplement its original RFPs. U.S. Cellular has five business days to produce those requested documents after the request is made.

4) The following RFPs are denied without prejudice: 56, 88, 25, 29, 31.

5) On or before January 17, 2014, the parties shall meet and confer in good faith to "identify the proper custodians,

-7-

search terms, and proper time frame" in order for Prism to create specific production requests according to the e-discovery order. Then, Prism will request production of specific discovery within ten business days of the parties' meet and confer.

DATED this 18th day of December, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court