IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| PRISM TECHNOLOGIES, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | 8:12CV125 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CELLULAR CORPORATION, d/b/a U.S. CELLULAR, | ) ) ) | MEMORANDUM AND ORDER |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the defendant United States Cellular Corporation's Motion to Stay Pending Resolution of Related Proceedings (Filing No. 299). The matter has been fully briefed by the parties. *See* Filing Nos. 300, 303, 305. For reasons discussed below, the Court will grant defendant's motion and stay the proceedings of this case pending resolution of post-trial motions and appeals to the United States Court of Appeals for the Federal Circuit in the related Sprint and T-Mobile proceedings. *See* Civil Action Numbers 8:12-cv-123 and 8:12-cv-124.

**BACKGROUND**

Prism Technologies LLC ("Prism" or "plaintiff") sued defendant United States Cellular Corporation ("US Cellular" or "defendant") and four other defendants including AT&T Mobility, LLC, Sprint Spectrum L.P., d/b/a Sprint PCS, T-Mobile USA, Inc.,

and Cellco Partnership d/b/a Verizon Wireless ("carrier defendants") alleging patent infringement of Prism's 8,127,345 and 8,287,155 patents. Each of Prism's claims against the individual carrier defendants was assigned to this Court.

Prism's claims against AT&T proceeded first. That action ended in settlement. On December 29, 2014, the Court entered an order granting the parties joint motion and stipulation of dismissal before the jury trial concluded. Civil No. 8:12CV122, Filing No. 498.

On June 15, 2015, Prism began its second action against Sprint. The Sprint matter ended on June 23, 2015, when a jury returned a verdict in favor of Prism for thirty million dollars. *See* Civil No. 8:12CV123, Filing No. 467. Following the verdict, Sprint moved under Rule 59 of the Federal Rules of Civil Procedure for a new trial. Civil No. 8:12CV123, Filing No. 486. Sprint's motion became ripe on September 10, 2015. *See* Filing Nos. 486, 528, 546. This and other post-trial motions relating to the Sprint matter are currently pending before the Court. It is likely that either or both parties will appeal this Court's decisions to the United States Court of Appeals for the Federal Circuit once the Court has resolved the motions currently pending.

Prism's claims against T-Mobile are scheduled for trial on October 13, 2015. Prism's claims against US Cellular are scheduled to begin trial on November 9, 2015. In light of the verdict reached in the Sprint jury trial, the pending post-trial motions, and the likelihood of an appeal in the Sprint matter, defendant filed its motion to stay this matter on July 29, 2015.

**LAW**

The United States Supreme Court has held that district courts are empowered with discretion to stay actions pending on their dockets. This power is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936). The decision granting or denying a stay "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254-55 (citing *Kansas City Southern R. Co. v. United States*, 282 U.S. 760, 763, 51 S. Ct. 304, 75 L. Ed. 684 (1931); *Enelow v. New York Life Ins. Co.*, 293 U.S. 379, 382, 55 S. Ct. 310, 79 L. Ed. 440 (1935)).

Courts employ various factors to aid in the determination of granting or denying stays. *See, e.g.*, *Kozlov v. Associated Wholesale Grocers, Inc.*, Nos. 4:10CV03211,

4:10CV03212, 8:10CV03191, 2011 WL 3320972, at *2 (D. Neb. Aug. 2, 2011); *Yufa v. Lighthouse Worldwide Solutions Inc.*, No. 09-cv-00968-MEJ, 2015 WL 150757, at *1 (N.D. Cal. Jan. 9, 2015) (citations omitted); *Online Resources Corp. v. Joao Bock Transaction Systems, LLC*, No. 8:13CV231, 2014 WL 2113017, at *2 (D. Neb. May 20, 2014). Different factors are utilized depending on the prior disposition of the case, the type of case, and particular facts and circumstances surrounding the litigation. *See, e.g.*, *Phil-Insul Corp. v. Airlite Plastics, Inc.*, No. 12CV151, 2012 WL 5193814 at *2 (D. Neb. Oct. 18, 2012) (discussing stay within the context of concurrent re-examination proceedings and looking to: (1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question; (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party); *Geotag, Inc. v. Canon Inc.*, Civ. A. No. 2:12CV00043-MHS, slip op., ECF No. 56 at 2, 5 (E.D. Tex. Nov. 19, 2012) (discussing stay within the context of multi district litigation and looking at: (1) the potential prejudice to the nonmoving party from a stay; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation).

**ANALYSIS**

The parties dispute the legal standard governing the present motion. *Compare* Filing No. 300 at 2-3 *with* Filing No. 303 at 3-4. The Court finds that neither standard offered by either party applies directly to the facts of this case. However, the factors within both standards favored by the parties were each utilized and weighed by the Court in reaching its conclusion according to the Supreme Court's requirement that judgment be exercised, competing interests weighed, and an even balance maintained.

After carefully weighing the factors outlined by the parties under the different standards proposed, in light of additional factors and considerations revealed through the Court's own research, and in accordance with the Supreme Court's mandate that competing interests be weighed and an even balance maintained, the Court finds that defendant's motion should be granted. The case will be stayed pending resolution of post-trial motions and future appeals to the United States Court of Appeals for the Federal Circuit arising from this Court's rulings in the related Sprint and T-Mobile matters.

IT IS ORDERED that defendant's motion to stay is granted pending resolution of the Sprint and T-Mobile matters.

DATED this 29th day of September, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court